# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

JULIE THOBABEN,

        Plaintiff-Intervenor

    v.                                      Case No. 11-C-589

WAUPACA COUNTY,

        Defendant.

## DECISION AND ORDER

In 2006 Plaintiff-Intervenor Jule Thobaben filed a charge of discrimination against Waupaca County arising out of its refusal to offer her a promotion, in 2005 and 2006, to a detective sergeant position. Thobaben filed her claim with Wisconsin's Equal Rights Division and alleged violations of Wisconsin's Fair Employment Act (WFEA). After a hearing before an ALJ, in 2010 the ALJ issued a decision agreeing with Thobaben that the promotion the county denied her in 2006 (but not 2005) was the result of discrimination. That decision is now on appeal before the Labor Industry Review Commission (LIRC) and could be subject to further appeal in the state courts.

In 2010 the EEOC, which handles matters in concert with the Equal Rights Division, found reasonable cause to believe that Waupaca County violated federal anti-discrimination laws. It subsequently referred the case to the Department of Justice, and in June 2011 the United States brought the present action. Waupaca County now asks that this Court abstain from hearing this

action given that Thobaben's state proceedings are well underway.  For the reasons given below,

the motion will be denied.

 Under  *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800 (1976),

federal courts in some exceptional cases may defer to a concurrent state-court case as a matter of

"wise judicial administration, giving regard to conservation of judicial resources and comprehensive

disposition of litigation."  424 U.S. at 816.   There is a presumption against abstention.  *Tyrer v.*

*City of S. Beloit, Ill.,* 456 F.3d 744, 751 (7th Cir. 2006).  If there is any "substantial doubt" that the

concurrent state proceeding will be "an adequate vehicle for the complete and prompt resolution of

the issues between the parties," a stay would be a "serious abuse of discretion." *AAR Int'l, Inc. v.*

*Nimelias Enters. S.A.,* 250 F.3d 510, 518 (7th Cir. 2001) (citations omitted).

Application of the abstention doctrine requires that the state proceedings be parallel to the

federal case.  Here, the United States and Thobaben argue that the state proceedings are not parallel

because they are administrative, rather than judicial, proceedings.  Waupaca County contends that

the administrative proceedings will almost surely be appealed to the state courts, but there is no

reason to believe that is the case.  If Waupaca prevails before the LIRC, it will have no ground upon

which to appeal, and Thobaben may conclude she has no interest in doing so.  Unreviewed state

administrative proceedings do not have preclusive effect on Title VII actions.  *University of*

*Tennessee v. Elliott*, 478 U.S. 788, 795-96 (1986).  And if Thobaden prevails before the LIRC, she

may elect to pursue her claim in federal court under Title VII where she could seek additional

remedies not available under the WFEA, such as compensatory and punitive damages.  *Waid v.*

*Merrill Area Public Schools*, 91 F.3d 857, 862 (7th Cir. 1996).  Thus, not only is there no parallel

state court proceeding at this time, it is quite possible that there never will be a parallel state court

proceeding. *See Hasken v. City of Louisville*, 173 F.Supp.2d 654, 659 (W.D. Ky. 2001) ("[W]e do not understand the Colorado River doctrine to extend to state administrative proceedings."). For this reason alone, the County's motion should be denied. But even if I were to assume that Colorado River abstention applies to administrative proceedings, the result would be the same.

The United States also argues that the state proceedings are not parallel because the United States is not a party to them. Waupaca counters that even though the United States is not a party in the state proceeding, the actual injured party is the same and her claims arise out of the exact same conduct. That the United States is pursuing a claim on her behalf should be of no moment. But here, the party absent in the state case is not just any litigant—it is the United States Department of Justice. Presumably the Department's mission extends well beyond the remedy that may be awarded to the individual litigant in every case. As the Supreme Court has recognized, "whenever the EEOC chooses from among the many charges filed each year to bring an enforcement action in a particular case, the agency may be seeking to vindicate a public interest, not simply provide make-whole relief for the employee, even when it pursues entirely victim-specific relief." *E.E.O.C. v. Waffle House, Inc.,* 534 U.S. 279, 296 (2002). Thus, although it is true that in some sense the state and federal actions are "parallel" in that they involve a remedy to be awarded to the same individual for the same alleged injury, a court should be wary about depriving the executive branch of its avenue of choice for pursuing remedial action, particularly under the guise of a rarely-used doctrine like abstention. As the county recognizes, abstention is a dramatic and rarely undertaken action because it deprives a litigant of an otherwise viable forum. The various presumptions cited above mean that there is a finger tipping the scales *against* abstention, and with that in mind I am unable to conclude that the two actions are parallel.

3

Even if they were parallel, however, I am not persuaded that this case presents the extraordinary circumstances required for application of the abstention doctrine. The court's task "is not to find some substantial reason for the exercise of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the surrender of that jurisdiction." *Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 25–26 (1983). Courts have developed several factors to be used in determining whether abstention is appropriate:

> 1) whether the state has assumed jurisdiction over property; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the concurrent forums; 5) the source of governing law, state or federal; 6) the adequacy of state-court action to protect the federal plaintiff's rights; 7) the relative progress of state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; 9) the availability of removal; and 10) the vexatious or contrived nature of the federal claim.

*Tyrer v. City of South Beloit,* 456 F.3d 744, 751 (7th Cir. 2006).

It is true that the state proceedings have been pending for several years and may be well-developed, and it is also true that the Plaintiff's individual rights are likely protected in the state proceedings, which the Plaintiff herself instituted long ago. The most salient factor supportive of abstention, of course, is the desire to avoid piecemeal or duplicative litigation. But for the reasons suggested earlier, the fact that the United States itself has decided to bring this lawsuit changes things significantly. As the representative of the entire citizenry, the government must have wide leeway to pursue its policy goals through litigation of this nature. Although in many ways the government is simply standing in the shoes of the individual Plaintiff, it cannot be expected to defer in all cases to a plaintiff's choice of forum if, as here, it views its mission as being advanced by a federal action. In addition, most of the factors cited above either cut against abstention or are inapplicable here.

In sum, although Waupaca County's desire to avoid multiple lawsuits involving the same facts is understandable, in my view the case does not present the extraordinary situation that is required before the abstention doctrine may be applied. Accordingly, the motion seeking abstention is **DENIED**.

**SO ORDERED** this   12th   day of December, 2011.


s/ William C. Griesbach
William C. Griesbach
United States District Judge