**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

–and–

JULIE THOBABEN,                                                 Case No. 11-C-589

    Plaintiff-Intervenor,

v.

WAUPACA COUNTY, WISCONSIN,

**CONSENT DECREE**

This action was brought by the United States of America ("United States"), against Waupaca County, Wisconsin ("Waupaca" or "County"), to enforce the provisions of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e, *et seq.,* as amended, following the United States' receipt from the U.S. Equal Employment Opportunity Commission ("EEOC") of a charge of sex discrimination filed by Plaintiff-Intervenor Julie Thobaben ("Ms. Thobaben") against Waupaca. This Court has jurisdiction of the action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §§ 1331 and 1345.

In its Complaint, the United States claims that Waupaca discriminated against Ms. Thobaben by denying her a promotion to detective sergeant in the Waupaca County Sheriff's Department ("WCSD") because of her sex in violation of Title VII, 42 U.S.C. § 2000e-2(a). Ms. Thobaben

intervened, and in all material respects, her complaint adopts the United States' allegations. Waupaca denies that it discriminated against Ms. Thobaben because of her sex.

The United States, Ms. Thobaben, and Waupaca (collectively, the "Parties"), wanting this action to be settled by an appropriate Consent Decree ("Decree"), without the burdens and risks of further protracted litigation, agree that this Court has jurisdiction over both the Parties to, and the subject matter of, this action. For purposes of this Decree only, the Parties waive hearings and findings of fact and conclusions of law on all issues, and they agree to entry of this Decree as a final and binding agreement between them with regard to the issues raised in the complaints filed by the United States and Ms. Thobaben, respectively, in this case.

## **FINDINGS**

1. Having examined the provisions of this Decree, the Court finds the following:

    a. The Court has jurisdiction over the subject matter of this action and the Parties to this action.

    b. The terms and provisions of this Decree are lawful, fair, reasonable, and just.

    c. The rights of the Parties are adequately protected by this Decree.

    d. This Decree complies with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights and privileges of any person.

    e. Entry of the Decree will further the objectives of Title VII and be in the best interests of the Parties.

NOW THEREFORE the Court **APPROVES**, **ENTERS,** and **ORDERS**, the following:

## **NON-ADMISSION**

2. This Decree, being entered into with the consent of the Parties, shall in no way constitute an adjudication or finding on the merits of the case, nor shall it be construed as an

2

admission by Waupaca or a finding of wrongdoing or violation of any applicable federal law. Waupaca specifically denies that: 1) it discriminated against Ms. Thobaben on the basis of her sex, and 2) any of its officials or employees were motivated by discriminatory animus in their decision-making related to promotions or the application of Waupaca's nepotism policy.

## **GENERAL RELIEF**

3. Waupaca, including its present and future officials, County Board Supervisors, agents acting in active concert or participation with Waupaca in matters related to its capacity as an employer, and employees shall not engage in any act or practice that has the purpose or effect of unlawfully discriminating against any employee of Waupaca because of that individual's sex.

4. Waupaca, including its present and future officials, County Board Supervisors, agents acting in active concert or participation with Waupaca in matters related to its capacity as an employer, and employees, shall not retaliate against, or in any respect adversely affect, Ms. Thobaben or any other person because that person has: (i) opposed, or in the future does oppose, policies or practices that allegedly violate Title VII, (ii) filed a charge of discrimination with the EEOC or the Wisconsin Equal Rights Division ("ERD"), or (iii) participated, or in the future does participate, in any way as to the initiation, investigation, litigation, administration, or effectuation of this case or this Decree.

5. Within sixty (60) calendar days from the date of entry of this Decree, Waupaca shall: (i) review and, as necessary, draft new or amended proposed written policies and procedures regarding the prohibition of employment-related discrimination on the basis of sex, to ensure that they are consistent with the goals of Title VII; (ii) review and, as necessary, draft new or amended proposed nepotism and conflict of interest policies, including to clarify what kinds of supervision violate the nepotism policies and which types do not; and (iii) present to the United States for its

review and approval a draft of each of the proposed new or revised policies, and any existing policies regarding employment-related discrimination based on sex, nepotism, and/or conflicts of interest that Waupaca contends do not warrant being amended or replaced. The United States will then have seven (7) calendar days to, in writing to Waupaca, approve or object to the proposed and/or existing policies. If the United States objects to the proposed and/or existing policies, the United States shall state the basis for its objection(s) and propose alternative language for the policies. If the United States and Waupaca cannot reach an agreement regarding the policies' language, either may use the dispute resolution procedure set forth below to seek judicial resolution of the issue. Within thirty (30) calendar days of receiving approval from the United States or the Court to implement new or revised policies and procedures referenced in this Paragraph, Waupaca must implement such policies.

6. Within ten (10) calendar days from the date upon which Waupaca implements the newly adopted or newly amended written policies and procedures referenced in Paragraph 5 above, if any, Waupaca shall take the following steps:

   a. Waupaca shall distribute such policies and procedures to all of its employees, County Board Supervisors, and other officials. Also, Waupaca shall provide a copy to the United States. Upon receipt, each individual (other than the United States) who receives a copy shall sign an acknowledgment that it has been received and read. Employees' signed acknowledgments shall be placed in their personnel files. Waupaca's Human Resources Director must also retain all other signed acknowledgments.

4

  b. Waupaca shall publicize such policies and procedures by, *inter alia*, posting them on any internet or intranet website used for posting notices or policy changes for or concerning Waupaca.

  c. Waupaca shall ensure, for the life of the Decree, that all new employees, new supervisors, new managers, and new County Board Supervisors receive copies of the written policies and procedures implemented pursuant to Paragraph 5 above, at the time of hire, appointment, or assumption of position/office. Upon receipt, each new Waupaca employee, supervisor, manager, or County Board Supervisor shall sign an acknowledgment that she or he has read and understands such policies. Employees' signed acknowledgments shall be placed in their personnel files. Waupaca's Human Resources Director must also retain all other signed acknowledgments.

 7. Within one-hundred eighty (180) calendar days from the date of implementation of new or amended written policies and procedures described in Paragraph 5 above, or within one-hundred eighty (180) calendar days from the date the Court or the United States approves of existing written policies and procedures described in Paragraph 5 above, Waupaca shall provide training with respect to Title VII's prohibitions against employment discrimination based on sex to all supervisory personnel, Waupaca's Sheriff, and members of Waupaca's Human Resources Committee (a subcommittee of the Waupaca County Board's Finance Committee), who are involved in hiring, promotion selection, evaluation of job performance, and discipline of Waupaca employees. Waupaca shall also provide separate training, regarding Title VII's prohibitions against employment discrimination based on sex, to all non-supervisory employees in the WCSD. The foregoing trainings shall include, at a minimum, an explanation of Waupaca's discrimination-related

policies and procedures, including those described in Paragraph 5. Waupaca will select, with the approval of the United States, a qualified individual or group of individuals to conduct the training outlined in this Paragraph. Within sixty (60) calendar days of the entry of this Decree, Waupaca shall submit to the United States for review and approval: the name(s) and *curriculum vitae* of the individual(s) selected to conduct the trainings, and descriptions of the proposed training programs, including the materials to be used during the trainings. The United States shall review the information submitted and, within thirty (30) calendar days of receipt, notify Waupaca in writing as to the United States' approval of, or objection to, the individual(s) selected to conduct the training and/or the proposed training program. Within fifteen (15) calendar days of when Waupaca receives any objection(s) under this Paragraph from the United States, the United States and Waupaca shall use their best efforts to resolve the dispute and agree to a proposed trainer (or group of trainers) and a proposed training program curriculum. If no such agreement is reached, then the United States and/or Waupaca may use the dispute resolution procedure set forth below to seek judicial resolution of the issue.

8. All individuals who are required by Paragraph 7 of this Decree to attend training shall sign acknowledgments of attendance. Within ten (10) calendar days of the completion of all such training, Waupaca shall provide the United States with written confirmation that all individuals required by Paragraph 7 to attend training did so. For the duration of this Decree, Waupaca will keep on file all signed acknowledgments of the training attendance.

9. Other than as stated above, the General Relief provisions in this Decree do not restrict or prevent Waupaca, its employees, officials, and County Board Supervisors from lawfully interpreting, applying, and enforcing, to the extent that they comply with all applicable laws, Waupaca's applicable personnel policies and procedures and collective bargaining agreement

provisions. Ms. Thobaben understands that she is required to comply with the aforementioned policies, procedures, and provisions throughout her employment with Waupaca.

## SPECIFIC RELIEF

10. In settlement of the claim of the United States for relief on behalf of Ms. Thobaben, as well as in settlement of the complaint of Ms. Thobaben against the WCSD filed with the Equal Rights Division of the State of Wisconsin, Department of Workforce Development, ERD Case No. 200602483, EEOC Case No. 26G2006011466C ("ERD Case"):

    a. Waupaca will promote Ms. Thobaben into the next available WCSD detective sergeant position, which will arise when a detective sergeant position is added or when a detective sergeant vacancy is created by the transfer, retirement, resignation, promotion, demotion, discharge, or any other displacement of an incumbent detective sergeant. If no detective sergeant position becomes available by April 1, 2015, Waupaca will nevertheless promote Ms. Thobaben to detective sergeant on April 1, 2015. Regardless of when Ms. Thobaben is promoted, her promotion will be deemed effective January 3, 2006, and upon her promotion, she will be entitled to full retroactive seniority as well as to all privileges and status that she would have had if she had both become a WCSD detective sergeant on January 3, 2006 and occupied that position at all times since January 3, 2006. However, Ms. Thobaben shall not be entitled to any additional compensatory time related to this promotion.

    b. Within fourteen (14) calendar days of when this Decree is entered, Waupaca will increase Ms. Thobaben's wages and other benefits (such as

paid time off and benefits related to retirement, etc.) to those of a WCSD detective sergeant such that Ms. Thobaben will receive the wages and benefits that she would have received, as of the date on which the increase takes place, had she occupied the WCSD detective sergeant position at all times since January 3, 2006. Consistent with the foregoing requirement, Waupaca will make the appropriate payment to the Wisconsin Retirement System (WRS) based on the backpay identified below (non-inclusive of interest).

c. Waupaca will not at any time deny, or effectively deny, Ms. Thobaben a WCSD detective sergeant position for reasons relating to the actual or contemplated shifts and/or cases of Ms. Thobaben and her husband, WCSD patrol officer Clint Thobaben ("Mr. Thobaben"). Waupaca will not require Ms. Thobaben and Mr. Thobaben to work separate shifts: (i) unless Ms. Thobaben is the only sergeant on duty and, for that reason, would be required to directly supervise Mr. Thobaben (an occurrence that is likely to happen only on certain weekends and about five weekends per year); and (ii) provided that any separate shift requirement may not adversely affect either Mr. Thobaben's or Ms. Thobaben's wages or hours, except as specifically stated below. In order to effectuate part (i) in the immediately preceding sentence, Ms. Thobaben will, with the direct assistance of WCSD, seek to trade weekend shifts with another detective, if necessary. Waupaca agrees to assist and cooperate when or if the necessity to trade shifts arises. If Ms. Thobaben is unable to trade shifts, Waupaca agrees that Mr. Thobaben will

be given the option of trading shifts. Waupaca agrees to assist and cooperate if the need for Mr. Thobaben to trade shifts arises. It is also understood that, on the rare occasion neither Ms. Thobaben nor Mr. Thobaben will be able to trade shifts, either may be required to use paid or unpaid leave so that they do not work the same shift when Ms. Thobaben is the only sergeant on duty and, for that reason, would be required to directly supervise Mr. Thobaben. Mr. Thobaben's agreement to this Section 10.c.(i) is attached hereto and incorporated by reference as Exhibit A.

d. Waupaca will pay to Ms. Thobaben the following monetary award, within the later of: (1) fourteen (14) calendar days of the Court's entry of this Decree, or (2) ten (10) calendar days of Waupaca's receipt of written evidence from Ms. Thobaben of her or her counsel's: (a) request for dismissal with prejudice of the ERD Case from the ERD, including the Decision and Order of the Administrative Law Judge, dated March 4, 2010, (b) request for dismissal of the Wisconsin Labor and Industry Review Commission Fair Employment Decision, dated December 23, 2011; and (c) execution of a stipulation for dismissal of *County of Waupaca v. LIRC, et al.,* the Waupaca County, Wisconsin Circuit Court Case No. 12-CV-0036.

(i) Backpay in the amount of $33,467.05, less applicable payroll taxes and state and federal withholdings, made payable to Ms. Thobaben and sent directly to her home address. Waupaca shall be responsible for the appropriate employer's contributions related to this backpay,

9

> > *i.e.* the employer's contribution related to this backpay shall not be deducted from the backpay award to Ms. Thobaben;
>
> (ii) Interest on backpay in the amount of $8,174.05, made payable to Ms. Thobaben and sent directly to her home address. This payment will not be subject to payroll deductions or withholdings;
>
> (iii) Emotional distress damages in the amount of $28,000.00;
>
> (iv) Reimbursement for attorneys' fees and costs that Ms. Thobaben and Mr. Thobaben have already paid in the amount of $55,000.00; and
>
> (v) Additional attorneys' fees and costs in the amount of $17,000.00.
>
> The appropriate Internal Revenue Service (IRS) tax forms will be issued to reflect these payments. The payment for emotional distress damages and attorney fees referenced in parts (iii), (iv) and (v) above will not be subject to withholding or deductions by Waupaca and shall be made payable to "Ehlke, Bero-Lehmann and Lounsbury, S.C. – Trust" and sent to the following:
>
> > Colleen Bero-Lehmann, Esq.
> > Ehlke, Bero-Lehmann & Lounsbury, S.C.
> > 6502 Grand Teton Plaza, Suite 202
> > Madison, WI 53719

11. Ms. Thobaben agrees that, for and in consideration of the acceptance of the relief, or any part of it, offered to her by Waupaca pursuant to the provisions of this Decree, she hereby releases and forever discharges Waupaca, including its current, future, and past officials, employees, insurers, and agents, of and from all legal and equitable claims of employment discrimination based on sex that gave rise to the above-captioned action and that accrued prior to the date this Decree is

entered, including those at issue in this case and in the ERD Case. Within five (5) calendar days of the entry of this Decree, Ms. Thobaben will voluntarily dismiss, with prejudice, the ERD Case, including but not limited to executing withdrawal/dismissal requests to the ERD and the Wisconsin Labor and Industry Review Commission ("LIRC"), as necessary, and/or executing a stipulation for dismissal of *County of Waupaca v. LIRC, et al.,* the Waupaca County, Wisconsin Circuit Court Case No. 12-CV-0036. Ms. Thobaben agrees to provide Waupaca's attorney with written evidence of such dismissal with prejudice.

12. Ms. Thobaben agrees that, except as provided in Paragraph 10 above, she is solely responsible for the taxes, if any, to be paid on the payments listed in Paragraph 10 of this Decree, and that she agrees to pay any and all such taxes.

## RECORD-KEEPING AND REPORTING

13. Waupaca shall retain during the life of this Decree all records necessary to document the implementation of this Decree. Waupaca shall furnish records and documents relevant to its compliance with the implementation of this Decree to counsel for the United States within thirty (30) calendar days of any written request to Waupaca's attorney. The United States may review compliance with this Decree at any time, with thirty (30) calendar days' written notice to Waupaca's attorney, and, accordingly, shall have the right to inspect and copy the documents necessary to monitor Waupaca's compliance with this Decree without further order of this Court.

14. Waupaca shall provide written notice to counsel for the United States of any written or more severe disciplinary action taken against Ms. Thobaben during the life of this Decree within seven (7) calendar days after such action is taken. The United States shall have the right to inspect and copy all documents related to such action upon reasonable notice to Waupaca without further order of this Court.

15. Waupaca shall retain all records that come into its possession relating to complaints or charges of employment discrimination based on sex or retaliation that may be filed against Waupaca or an employee, official, or County Board Supervisor of Waupaca, and pertaining to a Waupaca employee: (a) with the EEOC or ERD or (b) through or with any other federal, state, or local court or agency authorized to receive such complaints. Within ten (10) calendar days of its receipt of such complaints or charges, Waupaca shall provide counsel for the United States a copy of the complaint or charges. The United States shall have the right to inspect and copy all documents related to such complaints or charges upon reasonable notice to Waupaca without further order of this Court.

16. Any documents required to be delivered under this Decree to the United States by Waupaca shall be sent by e-mail or an express mail service (such as FedEx or United Parcel Service (UPS), *but not via United States mail*, to the attention of:

> Trevor S. Blake, Esquire
> United States Department of Justice
> Civil Rights Division
> Employment Litigation Section
> 601 D Street, NW- PHB 4232
> Washington, DC 20579
> trevor.blake@usdoj.gov

17. Any documents required to be delivered under this Decree to Waupaca by the United States shall be sent by e-mail or an express mail service (such as FedEx or United Parcel Service (UPS), *but not via United States mail*, to the attention of:

> Jenifer Binder, Esquire
> First Law Group S.C.
> 2900 Hoover Avenue, Suite A
> Stevens Point, WI 54481-5678
> binder@firstlawgroup.com

## DISPUTE RESOLUTION

18. Before seeking action by the Court, the United States, Waupaca, and/or Ms. Thobaben shall attempt to resolve, informally and in good faith, any dispute that may occur under this Decree. If the interested Parties are unable to expeditiously resolve the issue, any of the Parties may move the Court for resolution, provided that written notice is first provided to the other Parties at least seven (7) calendar days in advance of taking such action.

## JURISDICTION OF THE COURT

19. During the life of this Decree, the Court shall retain jurisdiction over this Decree for the purposes of enforcing its provisions, resolving any disputes that may arise between the Parties under it, and entering such orders as may be appropriate.

20. This Decree shall expire, and this action shall be dismissed with prejudice without further order of this Court, upon the later of the following occurrences: (i) twenty-four (24) months from the date of entry of this Decree or (ii) the fulfillment of all of Waupaca's obligations to Ms. Thobaben under this Decree. The United States may move, for good cause, to extend the Decree. The Decree will not be extended, however, unless the Court grants the United States' motion. Any such extension may be granted by the Court only for such time as is necessary to effectuate the terms set forth in this Decree.

21. If any provision of this Decree is found to be unlawful, only the specific provision in question shall be affected, and the other provisions shall remain in full force and effect.

## COSTS

22. Through the date of this Decree, except as provided for above, the Parties shall bear their own costs in this action, including attorneys' fees.

## SCOPE OF THE DECREE

23.     This Decree sets forth the entire agreement between the United States, Ms. Thobaben, and Waupaca regarding the claims at issue in this case and/or in the ERD Case, and the Decree supersedes all other negotiations, representations, or agreements, either written or oral, between the United States, Ms. Thobaben, and Waupaca.  This Decree resolves all legal and equitable claims arising out of this case and the ERD case filed against Waupaca.

**IT IS SO ORDERED**, this __27th__ day of April, 2012.

                                                  s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge

AGREED AND CONSENTED TO:

*For Plaintiff United States of America:*

| | |
|---|---|
| THOMAS E. PEREZ | /s JAMES L. SANTELLE |
| Assistant Attorney General | JAMES L. SANTELLE |
| Civil Rights Division | United States Attorney |
| | Eastern District of Wisconsin |
| By: | SUSAN M. KNEPEL |
| | |
| /s DELORA L. KENNEBREW | Assistant United States Attorney |
| DELORA L. KENNEBREW (GA Bar No. 414320) | State Bar No. 1016482 |
| Chief | United States Attorney's Office |
| | |
| Employment Litigation Section | Eastern District of Wisconsin |
| Civil Rights Division | 530 Federal Courthouse |
| | 517 E. Wisconsin Avenue |
| | Milwaukee, WI 53202 |
| | Tel. No. 414/297-1723 |
| | Fax No. 414/297-4394 |
| | susan.knepel@usdoj.gov |

/s ESTHER G. TAMBURO-LANDER
ESTHER G. TAMBURO-LANDER (DC Bar No. 461316)
Deputy Chief

/s TREVOR S. BLAKE II
/s BARBARA A. SCHWABAUER
TREVOR S. BLAKE II (DC Bar No. 974319)

BARBARA A. SCHWABAUER (OH Bar No. 0086999)

Trial Attorneys

United States Department of Justice

Civil Rights Division

Employment Litigation Section

950 Pennsylvania Avenue, NW

Patrick Henry Building, Room 4232

Washington, DC 20530

Tel. No. 202/514-5034

Fax No. 202/514-1005

esther.tamburo@usdoj.gov

trevor.blake@usdoj.gov

Barbara.schwaubauer@usdoj.gov


*For Plaintiff-Intervenor Julie Thobaben, by:*
/s Colleen Bero-Lehmann
COLLEEN-BERO-LEHMANN
State Bar #1031382
Ehlke, Bero-Lehmann & Lounsbury, S.C.
6502 Grand Teton Plaza, Suite 202
Madison, WI 53719
Tel. No. 608/827-9750
Fax No. 608/827-5460
clehmann@ehlkelaw.com

/s Julie Thobaben
PLAINTIFF-INTERVENOR JULIE THOBABEN

*For Defendant Waupaca County, Wisconsin, by:*
/s Jenifer Binder
JENIFER BINDER
State Bar #1024489
First Law Group S.C.
2900 Hoover Road, Suite A
Stevens Point, Wisconsin 54481
Tel. No. 715/341-7855
Fax No. 715/341-7255
binder@firstlawgroup.com

# **EXHIBIT A**

I, Clint Thobaben, spouse of Julie Thobaben, understand, accept and agree to the provisions of Paragraph 10.c.(i) of the Consent Decree entered in *United States and Julie Thobaben v. Waupaca County, Wisconsin,* United States District Court for the Eastern District of Wisconsin, Case No. 1:11-CV-00589-WCG, during my employment with the Waupaca County Sheriff's Department, Waupaca, Wisconsin.

I acknowledge that copy of the Consent Decree in this case was provided to me.

Signed this 24th day of April, 2012.

      /s Clint Thobaben
      Clint Thobaben